**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY COLBOURNE, an individual, on behalf of himself and others similarly situated,<br>Plaintiff,<br>v.<br>SYSCO SAN DIEGO INC,, a Delaware corporation; and DOES 1 through 50,<br>Defendants. | Case No.: 3:25-cv-2493-RBM-BJW<br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447**<br>**[Doc. 9]** |

Pending before the Court is Plaintiff Anthony Colbourne's ("Plaintiff") Motion to Remand Pursuant to 28 U.S.C. § 1447 ("Motion to Remand"). (Doc. 9.) Defendant Sysco San Diego, Inc. ("Defendant") filed an Opposition to Plaintiff's Motion to Remand (Doc. 12) and Plaintiff filed a Reply (Doc. 14). The Court finds this matter suitable for determination without oral argument pursuant to Civil Local Rule 7.1(d)(1). For the reasons discussed below, Plaintiff's Motion to Remand (Doc. 9) is **DENIED**.

## I. BACKGROUND

Plaintiff worked for Defendant as a nonexempt food truck driver from June 2024 until March 2025. (*See* Doc. 1-3, First Amended Complaint ["FAC"] ¶ 17; Doc. 1, Notice of Removal ["NOR"] ¶ 13.) Defendant and a labor union, Teamsters Local Union No. 683 (the "Union"), executed a collective bargaining agreement ("CBA") that applied to work performed by covered employees from November 8, 2020 to November 30, 2027 (the

"2020 CBA"). (Doc. 1 [NOR] ¶ 12; *see* Doc. 1-12 [2020 CBA].) Plaintiff and other employees were part of the Union and subject to the 2020 CBA. (Doc. 1 [NOR] ¶ 11.)[1]

In mid-2025, Plaintiff commenced two separate, but related, actions against Defendant, his former employer, in the Superior Court of California, County of San Diego ("San Diego Superior Court") for alleged wage and hour violations.

On July 29, 2025, Plaintiff filed the instant representative action in San Diego Superior Court asserting seven claims under California's Private Attorney General Act ("PAGA") based on violations of the California Labor Code and applicable Industrial Welfare Commission ("IWC") Wage Orders including: (1) failure to pay minimum/ regular/ prevailing/ vacation wages in violation of Cal. Labor Code § 227.3; (2) failure to pay overtime wages in violation of Cal. Labor Code §§ 216, 218, 218.5, 225.5, 351–356; (3) failure to pay wages timely and upon termination in violation of Cal. Labor Code §§ 201–204; (4) failure to provide meal breaks in violation of Cal. Labor Code §§ 226.7, 512, 1198; (5) failure to provide accurate wage statements in violation of Cal. Labor Code § 226(a); (6) failure to provide and maintain records in violation of Cal. Labor Code §§ 226, 432; and (7) failure to reimburse expenses in violation of Cal. Labor Code § 2802. (Doc. 1-3 [FAC] ¶¶ 73–133.)

On August 18, 2025, Plaintiff filed a related proposed class action in San Diego Superior Court for violations of substantially similar state law violations (the "Class Action"). *See Colbourne v. Sysco*, Case No. 3:25-cv-2491-RBM-BJW (S.D. Cal., Sept. 2, 2025), ECF No. 1-2.[2] On September 22, 2025, Defendant removed both actions to federal court based on federal question jurisdiction. (*See* Doc. 1 [NOR] ¶¶ 7–30.) In the NOR,

---

[1] The Parties do not dispute that Plaintiff is covered under the 2020 CBA. (*See generally* Doc. 9-1, Doc. 12.)

[2] On September 3, 2026, the Court granted Plaintiff's Motion to Remand and remanded the related Class Action to San Diego Superior Court. *See Colbourne v. Sysco*, Case No. 3:25-cv-2491-RBM-BJW (S.D. Cal., Sept. 3, 2026), ECF No. 17.

Defendant asserts that federal question jurisdiction over this action exists due to complete preemption under the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA") and the Federal Motor Carrier Safety Act, 49 U.S.C. § 31141 ("FMCSA"). (*Id.* ¶¶ 9–30.) Plaintiff filed the instant Motion on November 9, 2025. (Doc. 9.)

## II. LEGAL STANDARD

### A. Motion to Remand

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see* 28 U.S.C. § 1441(a). Original jurisdiction may be based on the existence of diversity or federal question. *See* 28 U.S.C. §§ 1331 and 1332(a)(1). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). There is a strong presumption against removal jurisdiction and the removing party "has the burden of establishing that removal was proper." *Gaus*, 980 F.2d at 566.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392 . Federal jurisdiction cannot be predicated on "an actual or anticipated defense," nor can it rest upon "an actual or anticipated counterclaim." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009).

### B. Preemption Under § 301 of the LMRA

"The jurisdictional doctrine of 'complete preemption' serves as an exception to the well-pleaded complaint rule." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002). The doctrine applies when "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Caterpillar*, 482 U.S. at 393 (quoting *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)). "Once preempted, 'any

claim purportedly based on a state law is considered, from its inception, a federal claim, and therefore arises under federal law.'" *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007) (quoting *Caterpillar*, 482 U.S. at 393) (cleaned up).

The complete preemption doctrine is applied primarily in cases raising claims preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("LMRA"). *Caterpillar*, 482 U.S. at 393. "Section 301 governs claims founded directly on rights created by collective-bargaining agreements, and also claims 'substantially dependent on analysis of a collective-bargaining agreement.'" *Id*. at 394 (quoting *Electrical Workers v. Hechler*, 481 U.S. 851, 859, n. 3 (1987)). The statute states:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, . . . may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). "Although normally federal preemption is a defense that does not authorize removal to federal court, § 301 has such 'extraordinary pre-emptive power' that it 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'" *Curtis v. Irwin Indus., Inc.*, 913 F.3d 1146, 1152 (9th Cir. 2019) (quoting *Taylor*, 481 U.S. at 65); *see Burnside*, 491 F.3d at 1059 ("[T]he 'preemptive force of [§] 301 is so powerful as to displace entirely any state cause of action for violation of contracts between an employer and a labor organization.'") (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983)). Despite complete preemption, "§ 301 cannot be read broadly to pre-empt nonnegotiable rights conferred on individual employees as a matter of state law." *Curtis*, 913 F.3d at 1152 (quoting *Livadas v. Bradshaw*, 512 U.S. 107, 123 (1994)).

## III. DISCUSSION

Defendant removed this action based on federal question jurisdiction on the grounds that: (1) Plaintiff's PAGA claims predicated on Defendant's alleged failure to pay overtime under Labor Code § 510 (Second Cause of Action), failure to timely pay wages under

Labor Code § 204 (Third Cause of Action), and failure to comply with meal and rest break requirements under Cal. Labor Code § 512 (Fourth Cause of Action) are completely preempted by the LMRA; (2) Plaintiff's claims for meal and rest break violations are completely preempted by the FMCSA; and (3) supplemental jurisdiction exists over Plaintiff's remaining non-preempted causes of action because they derive from the same case or controversy as the preempted causes of action. (*See* Doc. 1 [NOR] ¶¶ 15–30.)

Plaintiff reasserts the same arguments "advanced in the[ ] Motion to Remand filed in the related [C]lass [A]ction." (Doc. 9-1 at 2.) Plaintiff also argues that removal of the instant action is time-barred and that "Defendant cannot establish federal question jurisdiction under § 301 of the [LMRA] because PAGA claims are inherently creatures of California law . . . ." (*Id.*) The Court addresses each basis for federal question jurisdiction in turn.[3]

**A. Timeliness of Removal**

Plaintiff argues that removal is untimely because Defendant was personally served with the summons and complaint on August 18, 2025, but did not file its Notice of Removal until "September 22, 2025—thirty-five (35) days after service based on its possession of [the 2020] CBA." (Doc. 9-1 at 3.) In its NOR, Defendant asserts that "neither of the otherwise applicable 30-day deadlines" were triggered, and removal is therefore timely, because "the FAC does not plainly allege all elements needed for removal under federal question jurisdiction or any other basis, and Plaintiff [had] not served some other 'paper' that concede[d] all elements needed for such removal." (Doc. 1 [NOR] ¶ 35.) The Court agrees.

Failure to timely file a notice of removal is a procedural defect mandating remand

---

[3] The Parties do not address Defendant's FMCSA preemption argument in their briefing. (*See* Doc. 9-1; Doc. 12.) For the same reasons set forth in the Class Action, Defendant fails to establish federal question jurisdiction on this basis. *See Colbourne v. Sysco*, Case No. 3:25-cv-2491-RBM-BJW (S.D. Cal., Sept. 3, 2026), ECF No. 17 at 18–19.

to state court if a motion to remand is brought within 30 days of the notice of removal. *See* 28 U.S.C. § 1447(c); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980) ("[T]he time limit is mandatory and a timely objection to a late petition will defeat removal."). The timeliness of removal is generally determined by three removal periods. Under 28 U.S.C. § 1446(b), a defendant must remove a case to federal court within thirty days of receiving: (1) the initial pleading that sets forth a basis for removal; or (2) "a copy of an amended pleading, motion, order or other paper" from which removability "may be first ascertained." 28 U.S.C. §§ 1446(b)(1), (b)(3). If no pleading or other paper triggers a thirty-day deadline for removal, a defendant is permitted to remove outside the thirty-day removal period no more than one year from "the commencement of the action," § 1446(c)(1), "when it discovers, based on its own investigation, that a case is removable." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1123, 1125 (9th Cir. 2013).

In this case, the FAC does not indicate that Plaintiff was a member of the Union or the existence of the 2020 CBA. (*See generally* Doc. 1-3 [FAC].) As such, the first thirty-day removal clock was not triggered. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 695 (9th Cir. 2005) ("The ground for removal must be revealed affirmatively in the initial pleading in order for the first thirty-day clock under § 1446(b) to begin.").

Plaintiff argues that Defendant was not allowed to remove outside the third-day removal period because "Defendant . . . possessed all facts necessary to assert LMRA preemption at the moment of service—it authored and administered the very CBA on which its removal is based." (Doc. 9-1 at 4.) "Contrary to Plaintiff's argument, Defendant[ ] had no duty to investigate whether the claims were preempted, even if Defendant[ ] [was] in possession of documents that may have demonstrated preemption." *Rose v. Beverly Health & Rehab. Servs., Inc.*, No. 1:06cv0067 AWI DLB, 2006 WL 2067060, at *5 (E.D. Cal. July 22, 2006). The Ninth Circuit has explained that "even if a defendant could have discovered grounds for removability through investigation, it does not lose the right to remove because it did not conduct such an investigation." *Roth*, 720 F.3d at 1125. Thus, "although Defendant had in its possession the [2020] CBA, it was not

required to investigate the CBA to determine the grounds for removability." *Padilla v. Ames Constr., Inc.*, Case No. 2:25-cv-03522-AH (ASx), 2025 WL 1738656, at *3 (C.D. Cal. June 20, 2025). The Court therefore finds that Defendant's removal was timely.

**B. LMRA**

To determine whether § 301 preempts a given state law claim, courts apply a two-part test, commonly referred to as the "*Burnside* test." *See Burnside*, 491 F.3d at 1059. Under the *Burnside* test, courts first "ask whether the asserted cause of action involves a right [that] exists solely as a result of" a CBA. *Curtis*, 913 F.3d at 1152 (cleaned up). If the answer is yes, "the claim is preempted and [the] analysis ends there." *Id*. at 1152–53 (quoting *Burnside*, 491 F.3d at 1059). If the answer is no, courts "proceed to the second step and ask 'whether a plaintiff's state law right is substantially dependent on analysis of the CBA,' which turns on whether the claim cannot be resolved by simply 'looking to' versus 'interpreting' the CBA." *Id*. at 1153 (quoting *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1033 (9th Cir. 2016)) (cleaned up).

Defendant argues that Plaintiff's claims for overtime, meal break, and wage payment violations are preempted by LMRA § 301 because: (1) such claims involve rights that exist solely as a result of the 2020 CBA; (2) resolving such claims requires interpretation of the 2020 CBA, and (3) the 2020 CBA's dispute resolution provisions effectively waived Plaintiff's right to litigate his claims in court. As set forth below, the Court finds that Plaintiff's overtime and meal and rest break claims are not preempted but his untimely wage payment claim is preempted under *Burnside* step one.

**1. Overtime and Meal Break Claims**

"PAGA authorizes aggrieved employees, acting as private attorneys general, to recover civil penalties from their employers for violations of the Labor Code." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d 1117, 1119 (9th Cir. 2014). The statute "gives employees a right to assert the State's claims for civil penalties on a representative basis, but it does not create any private rights or private claims for relief." *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 646 (2022) (citations omitted). "PAGA claims are

derivative of the predicate California Labor Code violations, and therefore rise and fall with those underlying claims." *Franco v. E-3 Sys.*, Case No. 19-cv-01453-HSG, Case No. 19-cv-02854-HSG, 2019 WL 6358947, at *4 (N.D. Cal. Nov. 8, 2019). "Indeed, a PAGA claim based on preempted state law claims is preempted under the LMRA." *Higgs v. Monterey Mechanical Co.*, No. 25-CV-05267-JST, 2026 WL 2138556, at *6 (N.D. Cal. July 24, 2026) (citation omitted); *see Curtis*, 913 F.3d at 1150 n.3 (noting that a PAGA claim is derivative of predicate claims for Labor Code violations, including overtime and meal break claims, and can only succeed if a plaintiff prevails on such predicate claims).

In the related Class Action, this Court assessed whether the same alleged California Labor Code violations underlying Plaintiff's PAGA claim were preempted by the LMRA. *See Colbourne v. Sysco*, Case No. 3:25-cv-2491-RBM-BJW (S.D. Cal., Sept. 3, 2026), ECF No. 17. The Court found that Plaintiff's overtime and meal break claims were not preempted by LMRA § 301 because such claims neither arise from nor require interpretation of the 2020 CBA. *See id.* at 5–17. The Court also rejected Defendant's argument that the 2020 CBA's grievance procedures provided a basis for preemption under LMRA § 301. *Id.* 17–18.

In the instant action, Plaintiff's PAGA claims for overtime and meal break violations are based on the same underlying overtime and meal break claims asserted in the related Class Action. Because the same bargaining agreement is at issue in this action, the analysis of Plaintiff's PAGA claim predicated on violations of California's overtime and meal break requirements is the same. *See Renteria-Hinjosa v. Sunsweet Growers, Inc.*, No. 2:23-cv-01673-DJC-DB, 2023 WL 8023700, at *3 (E.D. Cal. Nov. 20, 2023), *aff'd sub nom. Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076 (9th Cir. 2025) (applying the same analysis from a related class action to PAGA claims asserted in a separate action where the claims in both actions were based on the same alleged underlying violations). For the same reasons set forth in the Class Action, the Court finds that Plaintiff's PAGA

claims for overtime and meal break violations are not preempted under LMRA § 301.[4]

**2. Failure to Timely Pay Wages**

Defendant argues that Plaintiff's claim for untimely payment of wages under section 204 of the California Labor Code is subject to section 204(c)'s exemption and therefore preempted. (Doc. 1 ¶¶ 23–25; Doc. 12 at 10.) Plaintiff does not address Defendant's reliance on section 204(c)'s exemption in his Motion to Remand. (*See generally* Doc. 9.) Instead, in his Reply, Plaintiff asserts that his failure to raise this issue in the Motion to Remand is "legally irrelevant" because "[s]ubject-matter jurisdiction cannot be waived, forfeited, or created by silence." (Doc. 14 at 5 (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).)

At *Burnside* step one, the "essential inquiry" is whether "the claim seek[s] purely to vindicate a right or duty created by the CBA itself." *Curtis*, 913 F.3d at 1152 (internal quotations omitted). "The [CBA] must be the 'only source' of the right the plaintiff seeks to vindicate." *Renteria-Hinojosa*, 150 F.4th at 1088–89 (quoting *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246, 258 (1994)). "Thus, a claim that 'involves a right conferred upon an employee by virtue of state law' is not preempted at step one." *Id*. at 1089 (quoting *Burnside*, 491 F.3d at 1059).

Unlike the Class Action,[5] Plaintiff alleges in the instant FAC that Defendant "did not properly pay Plaintiff and potentially other Aggrieved Employees pursuant to the requirements of Labor Code §§ 201, 202, 204[,] and/or 204b." (Doc. 1-2 [Compl.] ¶ 102.)

[4] The Court declines to address Plaintiff's argument concerning waiver of a judicial forum under the 2020 CBA because, as Defendant notes, "this argument improperly conflates preemption based on a CBA's litigation waiver with preemption under the *Burnside* analysis." (*See* Doc. 12 at 11.)

[5] In the Class Action, Plaintiff brings a similar claim for failure to timely pay wages under sections 201, 202, and 203, but does not assert violation of section 204's timely wage payment requirements. *See Colbourne v. Sysco,* Case No. 3:25-cv-2491-RBM-BJW (S.D. Cal., Sept. 22, 2025), ECF No. 1-2 at 18–19.

These provisions govern the timing of wage payments. Section 201 sets baseline rules for payment of wages upon discharge or layoff and section 202 sets rules for payment of wages upon resignation. *See* Cal. Lab. Code §§ 201, 202. Section 204 requires semi-monthly payment of wages. *Id*. § 204(a). Specifically, section 204 states that:

> All wages, other than those mentioned in Section 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. However, salaries of executive, administrative, and professional employees of employers covered by the Fair Labor Standards Act, as set forth pursuant to Section 13(a)(1) of the Fair Labor Standards Act . . . may be paid once a month on or before the 26th day of the month during which the labor was performed if the entire month's salaries, including the unearned portion between the date of payment and the last day of the month, are paid at that time.

*Id*. § 204(a). "However, when employees are covered by a [CBA] that provides different pay arrangements, those arrangements shall apply to the covered employees." *Id*. § 204(c). Where a statutory exemption to the California Labor Code applies, the right exists as a result of the CBA, not the Labor Code. *See Curtis*, 913 F.3d at 1155.

In this case, the 2020 CBA states that "[e]mployees shall be paid weekly." (Doc. 1-11 [2020 CBA] at 12.) Because this differs from section 204(a)'s bimonthly payment structure, the 2020 CBA "provides different pay arrangements" which "apply to the covered employees." Cal. Lab. Code § 204(c). In his Reply, Plaintiff does not dispute that the 2020 CBA's pay arrangement is different than the requirements contemplated in § 204(a). Rather, Plaintiff argues for the first time that section 204(c) "provides a statutory exemption—not a CBA-created right—and [Defendant's] reliance on it presents, at most, a merits defense requiring factual and contractual determinations." (Doc. 14 at 5.)

"Courts in this Circuit have consistently held that when [section] 204(c)'s requirements are met, claims under [section] 204, such as this one, are preempted."

*Allmaras v. Univ. Mech. & Eng'g Contractors, Inc.*, 757 F. Supp. 3d 1094, 1107 (S.D. Cal. 2024) (citations omitted). Indeed, "[s]everal district courts have extended the reasoning of *Curtis* to conclude that 'section' 204(c) operates similarly to the statute discussed in *Curtis*,' and as a result, 'where a CBA provides for a different pay arrangement from that which exists under state law, a covered employee's right to timely payment 'exists solely as a result of the CBA.'" *Ariola v. Raytheon CA Techs. Corp.*, Case No. CV 23-4664-MWF (AGRx), CV 23-4691-MWF (AGRx), 2023 WL 5764296, at *7 (C.D. Cal. Sept. 6, 2023) (quoting *Landy v. Pettigrew Crewing, Inc.*, Case No. 2:19-cv-07474-RGK-AFM, 2019 WL 6245525, at *4 (C.D. Cal. Nov. 22, 2019)) (collecting cases). The Court agrees with these courts' reasoning and therefore finds that *Curtis* extends to section 204 claims.

Because the statute expressly differs from the pay schedule set forth in the 2020 CBA, and Plaintiff does not successfully dispute this issue, Plaintiff's claim is statutorily barred by section 204(c). Plaintiff's right to timely wages therefore exists as a result of the 2020 CBA and his untimely wage claim is preempted under *Burnside* step one. *See Renteria-Hinjosa v. Sunsweet Growers, Inc.*, No. 2:23-cv-01413-DJC-DB, 2023 WL 6519308, at *4–5 (E.D. Cal. Oct. 5, 2023), *aff'd sub nom. Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076 (9th Cir. 2025) (analyzing PAGA action and finding plaintiff's "right to timely payment of wages exists solely as a result of the [CBAs]" because they "provide for different pay arrangements [than those in § 204(a)], namely, weekly as opposed to semi-monthly payments"); *Tolentino v. Gillig, LLC*, Case No. 20-cv-07427-MMC, 2021 WL 121193, at *3 (N.D. Cal. Jan. 13, 2021) (concluding the same); *see also Bradford v. Pro. Tech. Sec. Servs. Inc. (Protech)*, No. 20-CV-02242-WHO, 2020 WL 2747767, at *4 (N.D. Cal. May 27, 2020) ("Because the CBA here meets the statutory exemption requirements provided in section 204(c), [the] PAGA claim for violation of section 204 is preempted under the first step of the *Burnside* test.") (citations omitted). Because Plaintiff's PAGA claim for violation of section 204 is preempted by LMRA § 301, the Court finds that federal question jurisdiction exists over this claim.

**C. Supplemental Jurisdiction**

Defendant argues that "[t]he Court should exercise supplemental jurisdiction over Plaintiff's non-preempted PAGA claims because they derive from a 'common nucleus of operative fact' as the preempted [s]ection 204 PAGA claim . . . ." (Doc. 12 at 12 (citation omitted)); *see* Doc. 1 [NOR] ¶ 31.)

"[D]istrict courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C. § 1367(a). "Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact[s] and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Kuba v. 1-A Agr. Ass'n*, 387 F.3d 850, 855 (9th Cir. 2004). "[A] district court may exercise supplemental jurisdiction over claims that are brought in conjunction with claims that are preempted by the LMRA." *Brown v. Brotman Med. Ctr., Inc.*, 571 F. App'x 572, 576 (9th Cir. 2014).

Here, Plaintiff's remaining PAGA claims arise from the same working conditions and relationship with Defendant during the same period as Plaintiff's timely wages claim. Because Plaintiff's PAGA claims derive from the same operative facts, the Court will exercise supplemental jurisdiction over the remaining PAGA claims. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005) ("If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a 'civil action' within the meaning of § 1367(a)").

## IV. <u>CONCLUSION</u>

Based on the foregoing reasons, Plaintiff's Motion to Remand (Doc. 9) is **<u>DENIED</u>**.

**IT IS SO ORDERED**.

DATE: September 4, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE